16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew BRUNETTI, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, as receiver for MountainWest
Savings & Loan Association, a Utah corporation;
Mountainwest Savings & Loan Association, a federal
corporation; Mountainwest saving & Loan Association, a Utah
corporation, Defendants-Appellees.
 No. 93-4137.
 United States Court of Appeals, Tenth Circuit.
 Jan. 28, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Andrew Brunetti appeals from an order granting summary judgment to defendants. We affirm.
 
 
 4
 The following facts are undisputed. In 1979 and 1980, plaintiff entered into deferred compensation agreements with Old MountainWest, a savings and loan association chartered under the laws of Utah. A balance of $170,026.33 plus interest remains due to plaintiff under these agreements.
 
 
 5
 On September 21, 1988, the Federal Home Loan Bank Board (FHLBB) declared Old MountainWest insolvent and appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as sole receiver. It directed the receiver to recognize the priorities of claims of depositors established under Utah law, and found that if Old MountainWest were liquidated, the proceeds would be insufficient to satisfy its secured and deposit liabilities such that no amount would remain for payment of general unsecured creditors such as plaintiff (worthlessness determination). The FSLIC organized New MountainWest to facilitate the liquidation of Old MountainWest, and caused New MountainWest to assume the assets, secured claims, and deposit liabilities of Old MountainWest.
 
 
 6
 On February 16, 1989, the FHLBB declared New MountainWest insolvent and appointed the FSLIC as sole conservator of New MountainWest. The Office of Thrift Supervision (OTS) eventually replaced the FSLIC as conservator of New MountainWest, and the Resolution Trust Corporation (RTC) became the receiver of New MountainWest. A Statement of Condition for New MountainWest showed that as of May 25, 1990, its secured and deposit liabilities were $197,405,261.26, and its assets were $150,327,834.17. Appellees' Supp.App. at 82.
 
 
 7
 Plaintiff filed a notice of claim with the RTC, which was disallowed. Plaintiff commenced the present action to contest this decision.
 
 
 8
 Both parties moved for summary judgment. The district court concluded that the FHLBB's worthlessness determination was binding and not subject to collateral attack. It further concluded that plaintiff could recover nothing even if he had a valid claim. It therefore granted defendants' motion for summary judgment and denied plaintiff's motion.
 
 
 9
 We review de novo the grant of summary judgment, applying the same standard as the district court. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As neither party asserts that any material facts are disputed, we turn to whether defendants were entitled to judgment as a matter of law.
 
 
 10
 Plaintiff argues that Utah Code Ann. 7-2-15 (1981), which provided that "[n]o preference or priority shall be given to any claim except such as is incurred as a necessary and proper cost of administration ... and unless otherwise provided by law," controls because it was the law in effect when the deferred compensation agreements were executed and his interest in the agreements became vested. He contends that if this section were applied, he would receive a pro-rata distribution with the shareholders or depositors of Old MountainWest.
 
 
 11
 In making its worthlessness determination, the FHLBB followed 53 Fed.Reg. 25,129, 25,133 (1988) (codified at 12 C.F.R. 569c.11(a)(6)(1989))(effective Aug. 4, 1988), which provided that "if the association is chartered and was operated under the laws of a state that provided a priority for holders of withdrawable accounts over ... general creditors, such priority ... shall be observed by the receiver." Section 7-2-15 was amended in 1983 to give priority to claims of depositors over those of general creditors. Thus, by the time of the FHLBB's September 21, 1988, worthlessness determination, Utah law provided a priority to claims of depositors over those of general creditors.
 
 
 12
 The FHLBB's worthlessness determination constitutes final agency action which is reviewable under the Administrative Procedure Act, 5 U.S.C. 702-06, and is not subject to collateral attack. 281 300 Joint Venture v. Onion, 938 F.2d 35, 38 (5th Cir.1991), cert. denied, 112 S.Ct. 933 (1992); Adams v. Resolution Trust Corp., 927 F.2d 348, 354 n. 15 (8th Cir.), cert. denied, 112 S.Ct. 66 (1991). Plaintiff's argument that the pre-1983 version of section 7-2-15 should control is a collateral attack on the FHLBB's worthlessness determination. The district court properly rejected it.[2]
 
 
 13
 However, even if the district court was not bound by the FHLBB's worthlessness determination, it correctly determined that plaintiff was entitled to nothing on his claim. Assuming without deciding that Utah case law required application of the pre-1983 version of section 7-2-15, it conflicts with 53 Fed.Reg. at 25,133, which required the receiver to observe the amended version of section 7-2-15. The federal regulation controls over contrary state law. Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153 (1982).
 
 
 14
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Plaintiff's contention that he was not informed his claim was denied as worthless is contradicted by his earlier admission that he received a March 15, 1989, letter (incorrectly referred to as a March 15, 1993, letter) from the FSLIC which informed him of the determination